UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **MICHAEL LACKIE,** § § § | |
| **Plaintiff,** § § | EP-22-CV-00126-FM |
| v. § § | |
| **MARTIN J. O'MALLEY,** Commissioner § of Social Security Administration, § § | |
| **Defendant.** § | |

## ORDER GRANTING PLAINTIFF'S RULE 59(e) MOTION

Before the Court is "Plaintiff's Motion for Reconsideration" [ECF No. 23], filed May 14, 2024, by Michael Lackie ("Plaintiff"). Therein, Plaintiff requests that the Court "reconsider" its order denying his motion for legal fees pursuant to 42 U.S.C. § 406(b) ("406(b)").[1] The Defendant "neither supports nor opposes counsel's request for attorney's fees . . . under 42 U.S.C. § 406(b)."[2] For the following reasons, the Court grants Plaintiff's motion.

**I.    BACKGROUND**

Plaintiff applied for Social Security Disability Benefits and was denied.[3] He then went through the administrative process before filing his complaint.[4] The acting Social Security Commissioner ("Defendant") filed an unopposed motion to remand the matter for additional

---

[1] "Plaintiff's Motion for Reconsideration" 1, ECF No. 23, filed May 14, 2024.

[2] "Defendant's Response to Plaintiff's Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)" 1, ECF No. 27, filed May 23, 2024.

[3] "Complaint" 2, ECF No. 1, filed April 10, 2022.

[4] *Id*.

administrative proceedings;[5] this motion was subsequently granted and the matter was remanded.[6] Following remand, the parties reached a joint stipulation for attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $8,500.00.[7] The Court awarded Plaintiff attorney fees in accordance with the parties' stipulation.[8]

Following the issuance of EAJA attorney fees, the Court did not hear anything further on this case until May 10, 2024, when Plaintiff filed for 406(b) attorney fees.[9] After the case was remanded, an "Administrative Law Judge issued a favorable decision finding the Plaintiff disabled."[10] Because of the favorable decision, Plaintiff's counsel moved for 406(b) attorney fees in the amount of $16,379.50 to be reduced by the original EAJA award.[11] The Court denied Plaintiff's 406(b) motion citing the Western District of Texas' local rule requiring attorney fees motions to be filed "not later than 14 days after entry of judgment."[12] Plaintiff subsequently filed his "Motion for Reconsideration" a day after the Court's denial of attorney fees.

---

[5] "Defendant's Unopposed Motion to Reverse with [sic] Remand and Enter Judgment and Incorporated Memorandum," ECF No. 15, filed Sep. 26, 2022.

[6] "Order Reversing and Remanding for Further Administrative Proceedings" 1, ECF No. 16, entered Sep. 27, 2022.

[7] "Joint Stipulation for EAJA Fees" 1–2, ECF No. 19, filed Oct. 24, 2022.

[8] "Order Granting Attorney Fees" 1–2, ECF No. 20, entered Nov. 2, 2022.

[9] "Plaintiffs' [sic] Motion for Authorization of Attorney Fees Pursuant to 42 USC § 406(b)" 1, ECF No. 21, filed May 10, 2024.

[10] *Id*. at 2.

[11] *Id*. at 3.

[12] "Order Denying Motion for Attorney Fees as Untimely" 1–2, ECF No. 22, entered May 13, 2024.

## II. <u>LEGAL STANDARD</u>

At the outset, the Court must parse out how Plaintiff's motion should be construed. Afterall, the "Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration."[13] A motion which challenges a federal court's prior order or judgment on the merits will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).[14]

Plaintiff's hastily written and filed motion consists of only a single sentence, "[p]ursuant to Rules 50(e) and 60(b) of the Federal Rules of Civil Procedure, the Plaintiff seeks reconsideration of the Court's Order denying the Plaintiff's motion for legal fees pursuant to 42 USC [sic] § 406(b)."[15] While this sentence only cites Rules 50(e) and 60(b), in an attachment, Plaintiff supplements his motion with briefing that cites Rule 59(e).[16] Rule 50(e) does nothing for Plaintiff here. That rule states an appellee may move for a new trial if an appellate court concludes that the trial court erred in denying a motion for judgment as a matter of law.[17] In this case, a jury trial did not occur and a motion for judgment as a matter of law was never filed nor denied. Therefore, only Rules 59(e) or 60(b) are applicable to Plaintiff's motion.

When determining whether a motion should be treated as either a Rule 59(e) or 60(b) motion, the Fifth Circuit has held that it depends on the time it was filed. If the motion was filed "no later than 28 days after entry of the judgment," then it will be construed as a Rule 59(e)

---

[13] *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991) (citation omitted).

[14] *Id.*

[15] "Plaintiff's Motion for Reconsideration" 1, ECF No. 23, filed May 14, 2024.

[16] *See generally* "Plaintiff's Brief in Support of Motion for Reconsideration Pursuant to FRCP 50(e) and 60(b)," ECF No. 23–5, filed May 14, 2024.

[17] *See* Fed. R. Civ. P. 50(e).

motion.[18] The instant motion was filed a day after the Court entered judgment denying the motion for attorney fees; therefore, it falls within the 28-day timeframe of Rule 59(e) and will be construed as such.

For a Rule 59(e) motion, the Fifth Circuit has stated that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[19] Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence."[20] Additionally, "Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law."[21] District courts have "considerable discretion in deciding whether to reopen a case under Rule 59(e)."[22] "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[23] "[A] judgment should not be set aside except for substantial reasons."[24]

---

[18] *See Teal*, 933 F.2d at 347 ("Since this motion was filed more than ten days after the rendition of the judgment dismissing Penrod, it falls under Rule 60(b)." Referring to the previous ten-day timeframe to file under 59(e)); *See also Word Seed Church & Civil Liberties for Urban Believers v. Homewood*, 43 F.4th 688, 690 (7th Cir. 2022) ("Determination of whether a motion to reconsider is construed under Rule 59e or 60b depends on when the plaintiff files the motion.").

[19] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

[20] *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019).

[21] *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003)).

[22] *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

[23] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[24] *Id.*

### III. DISCUSSION

Plaintiff makes the argument that this Court made a "manifest error of law" when it ruled Plaintiff's attorney fees motion as untimely and denied it.[25] Plaintiff states that the motion "was brought in a reasonable and timely manner in accordance with Fifth Circuit case law, as cited to and discussed above."[26] Plaintiff is completely and utterly incorrect in their assertion that his motion is timely in accordance with Fifth Circuit case law. Contrary to Plaintiff's counsel's failure to adequately research the law on this issue, the Court has taken a closer look into the matter, and surrounding law, and is granting Plaintiff's Rule 59(e) motion.

The broad question here is, "when is a 406(b) motion for attorney fees timely?" Unlike Plaintiff's assertion, this is an open question in the Fifth Circuit. The sole case in which the Fifth Circuit tangentially addresses the timeliness of 406(b) motions is in *Pierce v. Barnhart*; in which the Court held that a trial court's denial of a 406(b) motion for attorney fees as untimely was an abuse of discretion because "the district court did not originally impose a cut-off date on the plaintiffs to refile their applications."[27] When reviewing *Pierce*, it is clear the Fifth Circuit's holding addressed the fact that the plaintiffs filed an initial 406(b) motion which was denied as "premature" because they had not been found disabled or awarded past-due benefits; therefore, the magistrate judge denied the first motion without prejudice to be "refiled should Plaintiff[s] prevail on the merits of [their] claims."[28] However, the magistrate judge did not specify a deadline upon which the plaintiffs could refile and "the district court provided no time limitations for the

---

[25] *See* "Plaintiff's Brief in Support of Motion for Reconsideration Pursuant to FRCP 50(e) and 60(b)" 9–12 ECF No. 23–5, filed May 14, 2024.

[26] *Id.* at 10.

[27] *Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006).

[28] *Id.*

plaintiffs' second applications for [406(b)] attorney's fees," thus, it was an abuse of discretion to hold the plaintiffs' subsequent 406(b) motion as "untimely" when no time limitation was established.[29] Ultimately, the holding of *Pierce* is married to the facts of the case and the Fifth Circuit has not addressed when a procedurally standard 406(b) motion would be timely as opposed to violative of Federal Rule of Civil Procedure 54(d)(2)(B) ("Rule 54(d)").[30] Unlike *Pierce*, this Court has not provided a timeframe beyond the 14-day time limit prescribed by Rule 54(d). The Court does not believe the Fifth Circuit held, *sub silentio,* that a district court has the discretion to proscribe whatever time limit it wants for the filing of 406(b) motions. Thus, it is an open question in this Circuit as to when Rule 54(d)'s 14-day time limit begins to run on 406(b) motions.

Looking beyond this Circuit's precedent reveals an existing three-way circuit split on this niche legal question. Similar to the Fifth Circuit, the Second, Third, Tenth, and Eleventh Circuits have held that the 14-day time limit of Rule 54(d) applies to 406(b) motions,[31] but they reached different conclusions as to when that time limit begins to run and/or the procedural mechanism used to file such a motion.

---

[29] *Id.*

[30] The Fifth Circuit held that "FED. R. CIV. P. 54(d)(2) applies to any request for attorney's fees '[u]nless otherwise provided by statute or order of the court.'" Thus, the 14-day time limit to file motions for attorney's fees applies to 406(b) motions, but the trial court in *Pierce* "provided otherwise." *See Id.*

[31] *See McGraw v. Barnhart*, 450 F.3d 493, 504 (10th Cir. 2006) (Holding that Section 406(b) "itself does not contain a time limit for fee requests," but that Rule 54(d)(2)(B) does apply and begins to run after entry of judgment); *see also Bergen v. Comm'r of Soc. Sec.*, 444 F.3d 1281, 1285–86 (11th Cir.), opinion vacated and superseded on reh'g, 454 F.3d 1273 (11th Cir. 2006) (Holding that Rule 54 applies but "strict application in the present instance conflicts with congressional intent in enacting § 406(b) and is impractical in light of the exigencies particular to post-judgment proceedings in Social Security cases."); *see also Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019) (Agreeing with the Third Circuit and holding that "Rule 54(d)(2)(B) provides the applicable limitations period for filing § 406(b) motions and is tolled); *see also Walker v. Astrue*, 593 F.3d 274, 278 (3d Cir. 2010) (Holding that Rule 54(d)(2) applies but noting the complexity where a 406(b) motion for attorney fees "filed within fourteen days of the remand order, is necessarily premature; and a similar motion filed after the administrative determination of benefits is most likely untimely.").

The Eleventh Circuit originally held that applying Rule 54(d)'s strict 14-day time limitation would conflict with congressional intent in enacting 406(b) as 406(b) does not include any provisions concerning a time limitation.[32] Therefore, the court decided that the time limitation should begin to run from the day the award notice is issued.[33] In contrast, the Tenth Circuit reasoned that the Eleventh Circuit's approach "fit awkwardly with Rule 54(d)(2)(B)" because an "entry of judgment" appears to refer to the judgment of the district court.[34] The court further reasoned that a "SSA fee award will only rarely be calculable before the end of that fourteen-day period;" therefore, it believed that the best option was for a fee applicant to employ Federal Rule of Civil Procedure 60(b)(6) to alter the judgment of the trial court following the Commissioner's decision awarding benefits.[35]

The Third and Second Circuits reached a different conclusion than the Tenth and Eleventh. The Third Circuit noted that the "Tenth Circuit's approach rectifies the conflict between the Rule 54(d)(2) filing deadlines and the realities of administrative remand, [but] finds little support in the law," and "conflicts in principle with Supreme Court jurisprudence that instructs that a post-judgment motion for attorney fees is not properly asserted as a motion to amend or alter judgment."[36] The Third Circuit reasoned that because Rule 59(e) and Rule 60(b) are "substantively interchangeable," then for the same reasons articulated by the Supreme Court in *White*, a fee

---

[32] *See Bergen*, 444 F.3d at 1286.

[33] *Id*.

[34] *McGraw*, 450 F.3d at 504.

[35] *See id*. at 504–5.

[36] *Walker*, 593 F.3d at 279 (citing *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982)).

petition is a legal issue collateral to the main cause of action and cannot be construed as a request for relief from judgment.[37]

Similar to the Eleventh Circuit's conclusion, the Third and Second Circuits concluded that equitable tolling best reconciled Rule 54(d)'s requirements and 406(b) fee motions.[38] However, the Third and Second Circuits held that the filing deadline was tolled until the award was issued and counsel was notified of it; thus, Rule 54(d)'s fourteen-day time limitation begins to run from the day counsel is notified of the benefits award.[39] Additionally, both the Third and Second Circuits agreed with the Fifth Circuit that a district court order can enlarge the filing period for 406(b) motions pursuant to Rule 54(d)(2)(B).[40]

The outcome of Plaintiff's 406(b) motion changes considerably depending on which approach this Court follows. Again, the parties did not request, and this Court did not grant, an extension to Rule 54(d)'s fourteen-day time limit. As stated in Plaintiff's counsel's declaration, the Commissioner issued a notice of award on April 20, 2024, and counsel did not receive notice of the award until April 30, 2024.[41] If this Court follows the Eleventh Circuit's approach, then Plaintiff's motion is untimely because the fourteen days would run until May 4, 2024—Plaintiff's motion was filed on May 10, 2024. If this Court follows the Tenth Circuit's approach, then Plaintiff's motion should be denied for failing to use the correct procedural mechanism—a Rule

---

[37] *Id*. (quotation omitted)

[38] *See id*. at 208.

[39] *See id.*; *see also Sinkler*, 932 F.3d at 88 ("Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54(2)(b)'s fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment.").

[40] *See Sinkler,* 932 F.3d at 89; *see also Walker*, 593 F.3d at 280 ("This holding does not alter the authority of the district court to expand the filing deadline at the request of the parties" (citing FED. R. CIV. P. 54(d)(2)(B))).

[41] "Plaintiffs' Motion for Authorization of Attorney Fees Pursuant to 42 USC § 406(b)" 2, ECF No. 21, filed May 10, 2024.

60(b) motion—and given a chance to refile. If this Court follows the Third and Second Circuits' conclusion, then Plaintiff's motion is timely because the fourteen days would run until May 14, 2024. Ultimately, the Court agrees with the conclusion reached by the Third and Second Circuits. It would result in manifest injustice to strictly hold 406(b) petitioners to Rule 54(d)'s requirements; therefore, Rule 54(d)'s time limitation is tolled, and it is fairer to petitioners to have the clock begin to run from the moment they receive notice of the award than from when it was issued.

Having now concluded so, it would be a "manifest error of law" to hold Plaintiff's timely 406(b) motion as untimely. Therefore, the Court will amend its judgment on the fees motion. Accordingly,

1. It is **HEREBY ORDERED** that "Plaintiff's Motion for Reconsideration" [ECF No. 23] is **GRANTED**.

2. It is **FURTHER ORDERED** that the Court's order [ECF No. 22] is **VACATED**. A new order on "Plaintiffs' Motion for Authorization of Attorney Fees Pursuant to 42 USC § 406(b)" [ECF No. 21] will follow this order.

**SIGNED AND ENTERED** this **24th** day of **June 2024.**

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**